IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SUSAN WINGET,

Plaintiff,

v.

SCHEDULE A DEFENDANTS,

Defendants.

Civil Action No. 26-cv-269

(Judge Horan)

**PLAINTIFF'S SECOND MOTION FOR AN ORDER TO EXTEND THE TEMPORARY RESTRAINING ORDER, CONTINUE THE SHOW CAUSE HEARING, AND MODIFY THE BRIEFING SCHEDULE**

Plaintiff hereby moves this Court on an *ex parte* basis for the second time for an order to extend the temporary restraining order, continue the show cause hearing, and modify the briefing schedule.  In support thereof, Plaintiff submits the following:

## I.        INTRODUCTION

Plaintiff is suing Defendants for copyright infringement.  Defendants are knowingly and intentionally promoting, advertising, distributing, offering for sale, and selling knock-off products within this district and throughout the United States by operating e-commerce stores established via the Internet marketplace websites Amazon.com, Walmart.com, and Temu.com under the seller identification names identified on Schedule "A" to the Complaint.  One Defendant is a seller on Walmart.com, 11 Defendants are sellers on Amazon.com, and 175 Defendants are sellers on Temu.com.

On March 16, 2026, this Court entered a Sealed Order (the "Order") granting: 1) a temporary restraining order; 2) an order restraining the Defendants' assets and merchant

storefronts; 3) an order to show cause why a preliminary injunction should not issue; and 4) an order authorizing expedited discovery to the Defendants, third-party service providers and financial institutions.  (ECF No. 14.)  Plaintiff served a copy of the Order upon each of the Internet marketplace websites – Amazon.com, Walmart.com, and Temu.com – together with a subpoena requesting certain information about each of the Defendants, including their email addresses.  The Order directed the Internet marketplaces to respond within five business days.

The marketplaces failed to provide the information commanded by the Order and subpoenas, so Plaintiff asked the Court to extend the temporary restraining order and to adjust the other deadlines. On March 27, 2026, the Court granted that request.  (ECF No. 20.) Walmart.com responded on April 2, 2026, as to its single defendant.  Despite repeated communications from counsel for Plaintiff, Amazon.com has not yet responded, and counsel for Temu.com requested an extension until April 17, 2026, to provide the requested information and to implement the Court's order restraining the Temu Defendants' accounts.

The original and modified schedules set by the Court were predicated upon all of the third-party service providers and financial institutions complying with the Order and subpoenas in a timely fashion.  As discussed below, the third-party service providers have not complied with the Court's Order or the subpoenas, leaving Plaintiff without the necessary information to serve all of the Defendants.  Thus, Plaintiff is requesting a second modification of the briefing schedule and the Show Cause Hearing date.

## II.    ARGUMENT

It is appropriate to extend the Temporary Restraining Order, continue the Show Cause Hearing, adjust the date for serving any papers in opposition, and provide Plaintiff with additional time to serve Defendants given Amazon.com and Temu.com have not complied with

the five-day time limit in the Order.  It is not atypical for the court to extend a temporary restraining order in cases like the present case, particularly when the reason for doing so involves difficulties in obtaining information from third parties.  For example, in *Doggie Dental Inc. v. Ahui*, No. 19-cv-1627 (W.D. Pa. Dec. 17, 2019) (Hornak, J.), the plaintiffs obtained two extensions of the temporary restraining order when, as in this case, the plaintiffs experienced delays in obtaining the defendants' contact information from Amazon.  Although the plaintiffs had obtained service information and effected service shortly before the second extension of the temporary restraining order, the Court recognized the need to give the defendants sufficient time to prepare for the preliminary injunction hearing. Here, Plaintiff's need for an extension is even greater because the third-party service providers have not yet provided Defendants' contact information or frozen their assets.

The Seventh Circuit decision in *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.,* 694 F.3d 827, 844-45 (7th Cir. 2012), provides further support for Plaintiff's request. In *H-D Michigan*, the Seventh Circuit recognized that circumstances can warrant extending a temporary restraining order beyond the timeframes in Rule 65(b) ordinarily governing TROs, citing *Trefelner v. Burrell School Dist.*, 655 F. Supp. 2d 581, 598-99 (W.D. Pa. 2009) (Conti, J.) ("Although in ordinary situations the temporary restraining order cannot extend beyond twenty days without being automatically converted into a preliminary injunction, an extension is reasonable in other situations.").  The Seventh Circuit noted that when a TRO is extended beyond 28 days without the consent of the enjoined party, it becomes in effect a preliminary injunction that is appealable, but the order remains effective.  *H-D Michigan*, 694 F.3d at 844-45.

Other examples of online infringement cases where the court has authorized a temporary restraining order to remain in place for more than 28 days include:

1. *Elizabeth's Studio LLC v. Schedule A Defendants*, No. 25-cv-1633 (W.D. Pa.) (TRO in place for 61 days before preliminary injunction entered);

2. *Bastos v. Schedule A Defendants*, No. 26-cv-1692 (W.D. Pa.) (TRO in place for 61 days before preliminary injunction entered);

3. *Addidas AG v. 2CN0931*, No. 18-CV-60758-MGC (S.D. Fla.) (TRO in place for 48 days before preliminary injunction entered);

4. *Chanel, Inc. v. 5Areplicachannel.com*, No. 18-CV-60778-JEM (S.D. Fla.) (TRO in place for 42 days before preliminary injunction entered);

5. *North Face Apparel Corp. v. 4Usedtrailers.com,* No. 18-CV-61329-UU (S.D. Fla.) (TRO in place for 39 days before preliminary injunction entered);

6. *Gucci America, Inc. v. Bgaadb*, No. 18-CV-62227-UU (S.D. Fla.) (TRO in place for 33 days before preliminary injunction entered);

7. *Mycoskie, LLC v. 1688BEST*, No. 19-CV-60925-KMM (S.D. Fla.) (TRO in place for 31 days before preliminary injunction entered); and

8. *Apple Corps. Ltd. v. 3W Store*, No. 18-CV-60656-UU (S.D. Fla.) (TRO in place for 30 days before preliminary injunction entered).

These cases show courts have not hesitated to exercise their authority to extend temporary restraining orders beyond 28 days in cases like the one presently before this Court given the challenges involved in dealing with sellers on online marketplaces.

Because Amazon.com and Temu.com have not yet complied with the Order, have not provided confirmation of the asset freeze, and have not provided the contact information to Plaintiff's counsel so that service may be accomplished, good cause exists to extend the Temporary Restraining Order in this case.  With respect to Walmart.com, the Order was implemented only six days ago, on April 2, 2026, and with a further extension the Order will not be in effect for more than 28 days.  Likewise, the briefing schedule which provides opposition papers be filed on or before April 6, 2026 should be extended.  Finally, the show cause hearing scheduled for April 10, 2026, should be re-scheduled to a later date.  Based upon past experience

with third parties timing for compliance with restraint orders, it would be prudent to extend the dates by a minimum of two weeks.

### III.    CONCLUSION

For the reasons set forth above, Plaintiff respectfully submits good cause exists for extending the Temporary Restraining Order, continuing the Show Cause Hearing, and modifying the briefing schedule.

A proposed order is submitted herewith.

Respectfully submitted,

Dated:  April 8, 2026

/s/ Stanley D. Ference III
Stanley D. Ference III
Pa. ID No. 59899
courts@ferencelaw.com

FERENCE & ASSOCIATES LLC
409 Broad Street
Pittsburgh, Pennsylvania 15143
(412) 741-8400 – Telephone
(412) 741-9292 – Facsimile

Attorneys for Plaintiff